PONDER, Judge.
This is a suit in tort for damages for personal injury suffered by plaintiff while being searched by police officers. Plaintiff appeals from an award of $730.00.
The sole issue is quantum.
We affirm.
While being booked into jail on a charge of simple drunk, plaintiff was kneed in the back by defendant, Deputy Sparks, when plaintiff was uncooperative. As a result, plaintiff sustained a strain of the cervical and lumbar spine. He visited a physician on three occasions, complaining of a moderate amount of pain in the neck and back. On the last visit, four months after the incident, the physician found no objective evidence of injury. The trial court awarded plaintiff $30.00 for medical expenses and $700.00 in general damages.
Plaintiff alleges the court’s award of $700.00 is inadequate, citing numerous cases in which persons suffering from similar injuries were awarded higher damages. The trial court has much discretion in the assessment of damages. LSA-C.C. Art. 1934(3). Before a Court of Appeal can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). Prior awards may serve as an aid in determining the insufficiency or excessiveness of an award only where the present award is shown to be greatly disproportionate to past awards for truly similar injuries. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Under the facts of this case, we find the court’s award of $730.00 is not an abuse of discretion.
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.